IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02736-CMA-BNB

BRET M. HANSEN, and
VICTORIA K. HANSEN, a minor, by her parent and next friend, Brett M. Hansen,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS CLAIM

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Fourth Claim for Relief. (Doc. # 5.) For the reasons discussed below, Defendant's Motion is granted.

### I. BACKGROUND

On October 16, 2009, Plaintiffs Bret M. Hansen ("Mr. Hansen") and Victoria K. Hansen initiated the instant action against Defendant Auto-Owners Insurance Company in the District Court of Boulder County, Colorado. (Doc. #1, Ex. A). On November 19, 2009, Defendant removed the case from state court to the United States District Court for the District of Colorado on grounds of diversity, pursuant to 28 U.S.C. 1332(a). (Doc. # 1.) Plaintiffs' Complaint alleges that Defendant wrongfully failed to pay insurance benefits due to Plaintiffs under an uninsured/underinsured motorist policy purchased by Mr. Hansen. Plaintiffs allege that a benefits provision under the policy

was triggered by the tragic death of Plaintiff Mr. Hansen's wife and Plaintiff Victoria K. Hansen's mother, Jacquelyn Hansen. Jacquelyn Hansen was killed in an automobile accident caused by an underinsured motorist who struck a motorcycle operated by a third party and upon which Jacquelyn Hansen was a passenger.[1] Mr. Hansen's insurance policy with the Defendant included coverage for uninsured/underinsured motorists in the amount of $250,000 per person/$500,000 per occurrence. The third party's insurance policy included liability coverage in the amount of $25,000 per person/$50,000 per occurrence. Accordingly, sometime after Jacquelyn Hansen's death, Mr. Hansen submitted a claim to Defendant for uninsured/underinsured motorist benefits. Defendant rejected Mr. Hansen's insurance claim and denied coverage on grounds that Jacquelyn Hansen was excluded from the policy as a driver and as a passenger and, therefore, was not entitled to any coverage under Mr. Hansen's insurance policy. Mr. Hansen also submitted a claim for accidental death benefits under a provision in his policy, which he alleges provided an accidental death benefit in the amount of $30,000 for any relative of his, as the insured, who was killed in a motor vehicle accident while occupying an automobile. Defendant also denied this claim on the basis that Jacquelyn Hansen was not covered by Mr. Hansen's policy.

Plaintiffs assert the following five claims against Defendant: violation of C.R.S. § 10-3-1115, due to Defendant's unreasonable denial of Mr. Hansen's claim for benefits (Claim 1); breach of contract (Claim 2); breach of statutory duty under C.R.S. § 10-3-

---

[1] Unless otherwise noted, the stated facts are taken from Plaintiffs' Complaint.

1104(h)[2] (Claim 3); unfair and deceptive trade practices under the CCPA, C.R.S. § 6-1-105(1)(u) (Claim 4); and the statutory invalidity of the insurance policy provision at issue (Claim 5).

On November 24, 2009, Defendant filed the instant Motion to Dismiss Plaintiffs' Fourth Claim for Relief pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6). (Doc. # 5.) Defendant contends that Plaintiff failed to specify the statements it claims were false or misleading in connection with its CCPA claim. (*Ia*. at 4-5). Defendant also contends that Plaintiffs' CCPA claim fails because Plaintiffs' have failed to allege, beyond conclusory statements, that Defendant's denial of insurance benefits under Mr. Hansen's policy significantly impacts the public as actual or potential consumers of Defendant's services. (*Id.* at 5-6). Plaintiffs filed their Response (Doc. # 12) on January 25, 2010, and Defendant filed its Reply on February 8, 2010. (Doc. # 16). As discussed below, the Court agrees that Plaintiffs' allegations in support of their fourth claim lack the requisite particularity and, therefore, should be dismissed.

---

[2] C.R.S. § 10-3-1104(h) proscribes various unfair insurance policy claim settlement practices. Among those listed include:
(I) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue . . . .
(VI) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear . . . .
(VII) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds . . . .

3

## II. ANALYSIS

### A. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations [as distinguished from conclusory statements] of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). "While, generally, only the complaint and its allegations are considered in a motion to dismiss, documents referred to in the complaint may be considered at the motion-to-dismiss stage if they are 'central to the plaintiff's claim' and their authenticity is undisputed." *Phillips v. Bell*, No. 08-1420, 2010 WL 517629, at *3 (10th Cir. Feb. 12, 2010). Accordingly, the Court will consider portions of Mr. Hansen's insurance policy, which Plaintiffs have attached to their Response brief in opposition to Defendant's Motion to Dismiss, because the insurance policy is central to the allegations in the Complaint. (Doc. # 12, Exs. 1 and 2.)

A claim should not be dismissed if it "contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins*

*v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "Thus, the mere metaphysical possibility that **some** plaintiff could prove **some** set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that **this** plaintiff has a reasonable likelihood of mustering factual support for **these** claims." *Schneider,* 493 F.3d at 1177 (emphasis in original).

**B.     PLAINTIFFS' CCPA CLAIM UNDER C.R.S. § 6-1-105(1)(u) (CLAIM 4)**

"The CCPA is a remedial statute intended to deter and punish deceptive trade practices committed by business in dealing with the public." *Showpiece Homes Corp. v. Assurance Co. of America*, 38 P.3d 47, 51 (Colo. 2001). To state a claim under C.R.S. § 6-1-105, a plaintiff must allege the following elements:

(1)  that the defendant engaged in an unfair or deceptive trade practice;

(2)  that the challenged practice occurred in the course of defendant's business, vocation, or occupation;

(3)  that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;

(4)  that the plaintiff suffered injury in fact to a legally protected interest; and

(5)  that the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003) (internal quotation marks omitted). Such a claim must be pled with particularity pursuant to Fed.R.Civ.P. 9(b).[3] *See Cavitat Med. Techs., Inc. v. Aetna,*

---

[3] Plaintiffs incorrectly state that the Colorado Court of Appeals rejected the particularity requirement in connection with CCPA claims in *Heller v. Lexton-Ancira Real Estate Fund, Ltd.*, 809 P.2d 1016 (Colo. App. 1990), *rev'd on other grounds*. Rather, the court expressed its

5

*Inc.*, No. 04-cv-01849, 2006 WL 218018, at *3 (D. Colo. Jan. 27, 2006) (holding that claims under § 6-1-105 of the Colorado Consumer Protection Act must be pled with particularity pursuant to Fed.R.Civ.P. 9(b)); *Duran v. Clover Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985) (holding that "Rule 9(b)'s requirement of particularity applies to plaintiffs' allegations of deceptive trade practices under the Colorado Consumer Protection Act."). The purpose of the particularity requirement is provide the defendant with fair notice of, and the basis for, the plaintiff's claims. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236-37 (10th Cir. 2000) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992)). Even affording Plaintiffs the benefit of all reasonable inferences, the Court finds that Plaintiffs have not alleged the unfair and bad faith conduct with sufficient particularity to put Defendant on notice and to survive a motion to dismiss. *See Suthers v. Mandatory Poster Agency, Inc., d/b/a Colorado Food Serv. Compliance Ctr.*, No. 09 CA 0253, 2009 WL 4981891, at *3 (Colo. Ct. App. Dec. 24, 2009) (finding particularity requirement met where the plaintiff identified the defendant's specific misrepresentations).

In the instant case, Plaintiff's CCPA claim arises under C.R.S. § 6-1-105(1)(u). Section 6-1-105(1)(u) of the CCPA provides:

---

disagreement that every aspect of a CCPA allegation must be pleaded specifically pursuant to Colo.R.Civ.P. 9(b). *Id.* The court noted that "it is sufficient to state the main facts constituting fraud." 809 P.2d at 1022. Moreover, Colo.R.Civ.P. 9(b) closely mirrors Fed.R.Civ.P. 9(b), which federal rules apply in the instant case, and states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Hence, the particularity requirement applies, whether under the Colorado or Federal Rules of Civil Procedure.

> (1) A person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person:
>
> > . . . (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction[.]

The Complaint fails to identify what material information Defendant failed to disclose at the time of Mr. Hansen's purchase of his insurance policy. In support of Claim 4, Plaintiffs simply allege the following vague and conclusory statements:

- "Defendant's unfair and bad faith claims handling practices as alleged herein constitute unfair and deceptive trade practices under C.R.S. 6-1-105(1)(u), and are in violation of the Colorado Consumer Protection Act". (Doc. #1, Ex. A, ¶ 37.)

- "Defendant's unfair and bad faith claims handling practices as alleged herein occurred in the course of Defendant's business." (*Id.*, ¶ 38.)

- "Defendant's unfair and bad faith claims handling practices significantly impact the public as actual or potential consumers of its services in that Defendant is a member of a heavily regulated industry and the legislature has therefore determined that Defendant's conduct has a per se public impact." (*Id.*, ¶ 39.)

- "As a result of Defendant's unfair and deceptive trade practices, Plaintiffs have suffered damages to a legally protected interest." (*Id.*, ¶ 40.)

In other parts of the Complaint, Plaintiffs attempt to further particularize their claims of Defendants' "unfair and bad faith claims handling practices." In pertinent part, Plaintiffs' have alleged that:

- Defendant has unreasonably denied them payment of insurance benefits by asserting that Jacquelyn Hansen was not only excluded as a driver under Mr. Hansen's insurance policy, but was also excluded as a passenger of any vehicle and was not entitled to any type of coverage under the insurance policy. (*Id.* at ¶¶ 14, 20).

7

In a further attempt to elucidate Plaintiffs' characterization of Defendant's bad faith conduct, Plaintiffs state in their Response brief, "Defendant made misleading representations regarding coverage under its policy and failed to disclose material information about the scope of the exclusion of Jacquelyn Hansen." (Doc. # 12 at 5). However, the Court's analysis is limited to the text of the Complaint and no such allegations of "misleading representations" appear therein. *See Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000). Accordingly, the unfair or deceptive trade practices element of Plaintiffs' CCPA claim lacks the requisite degree of particularity.

Upon closer scrutiny of the Complaint, Plaintiffs' CCPA claim appears to be akin to a breach of contract claim and the alleged facts could not plausibly establish the requisite public impact needed to state a claim under the CCPA. *Cf. Dewitt v. Liberty Mut. Ins. Co.,* No. 07-cv-02485, 2008 WL 732603, at *1 (D. Colo. Mar. 18, 2008) (finding plausibility of "public impact" where plaintiff alleged that defendant insurer failed to timely provide benefits, repeatedly interviewed the plaintiff while he was medicated in the hospital, unilaterally reduced benefits, and failed to preserve evidence). Plaintiffs' CCPA claim hinges on their interpretation of insurance policy coverage as disclosed by Defendant, rather than an alleged failure by Defendant to disclose certain limitations to the bargained-for insurance coverage. Plaintiffs contend that Mr. Hansen's insurance policy only excluded Jacquelyn Hansen from coverage when she operated the insured vehicle and that the policy "provides coverage for relatives of the named insured [Mr. Hansen] while that relative is 'occupying' a motor vehicle." (Doc. # 12 at 9).

In opposition to Defendant's Motion to Dismiss, Plaintiffs attach what purports to be two pages from Mr. Hansen's insurance policy agreement. (Doc. # 12, Exs. 1 and 2). Exhibit 1, entitled, "Colorado Exclusion of Named Person Automobile Policy" clearly states:

> This policy shall provide no coverages for any damages, losses or claims arising out of operation or use of any automobile to which this policy would otherwise apply when such automobile is operated or used by the below individual(s).

The policy expressly excludes Jacquelyn Hansen, Jacquelyn M. Hansen. (*Id.*, Ex. 1.) Nevertheless, Plaintiffs construe Exhibit 1 to provide coverage when Jacquelyn Hansen occupied a vehicle as a passenger. (Doc. #12 at 9.) Consequently, Plaintiffs appear to contend that Defendant's refusal to pay a promised benefit due to Mr. Hansen under his insurance policy amounts to "unfair and bad faith claims handling practices" in violation of the CCPA's prohibition of unfair and deceptive trade practices.

Exhibit 2, entitled "Colorado Uninsured Motorist Coverage Automobile Policy" clearly defines "occupying" as "being in or on an automobile as a passenger or operator, or being engaged in the immediate acts of entering, boarding or alighting from an automobile. (*Id.* at Ex. 2.) In opposition to Defendant's Motion to Dismiss, Plaintiffs contend that the uninsured/underinsured motorist provision of Mr. Hansen's insurance policy "provides coverage for relatives of the named insured while that relative is 'occupying' a motor vehicle." (*Id.* at 9.) Plaintiffs also contend that, "[u]nder the Accidental Death Benefit provision, Defendant agreed to pay a benefit due to the death of an eligible person, meaning Bret Hansen and his resident relatives, while they are

9

'occupying' a private motor vehicle." (*Id.*)  Plaintiffs point to the definition of "occupying" set forth in Exhibit 2.

A breach of contract claim is distinguishable from a CCPA claim.  "If a party to a contract fails to perform a promise mutually bargained for and agreed upon by the parties, then the remedy is an action for breach," whereas "a CCPA claim arises when a party knowingly makes a misrepresentation or makes a false representation that has a capacity to deceive."  *Rhino Linings USA, Inc.,* 62 P.3d at 148.  "A breach of contract claim, without additional conduct, cannot constitute an actionable claim under the CCPA." *Id.*  Simply put, a contractual breach is a wrong that is private in nature, does not affect the public, and, therefore, is not actionable under the CCPA.  *Id.* at 149.

In an attempt to meet the public impact element, Plaintiffs simply state that "Defendant is a member of a heavily regulated industry and the legislature has therefore determined that Defendant's conduct has a per se public impact."  (Doc. # 1, Ex. 1, ¶ 39.)  Further, in their Response brief, Plaintiffs contend that Defendant's exclusion of coverage for claims arising from the fatal injuries Jacquelyn Hansen suffered as a passenger defeats the clearly stated legislative purpose of the automobile insurance policy statutes, C.R.S. § 10-4-601, *et seq.*[4]  (*Id.* at 8.)  In either respect, Plaintiffs'

---

[4] This argument presupposes that Jacquelyn Hansen was covered under Mr. Hansen's uninsured/underinsured motorist insurance policy.  *See* C.R.S. § 10-4-609; *Wagner v. Travelers Property Casualty Co. of America*, 209 P.3d 1119, 1123 (Colo. App. 2008) *cert. denied*, 2008 Colo. App. LEXIS 2291 (Colo. Ct. App. Dec. 31, 2008); *DeHerrera v. Sentry Ins. Co.*, 30 P.3d 167, 169 (Colo. 2001) ("the language and purpose of the [uninsured/underinsured motorist] statute require an insurer to provide [ ] benefits **to a person insured under the policy** when injured in an accident caused by an uninsured or underinsured motorist without regard to the vehicle occupied by the insured at the time of injury.") (emphasis added).  "The operative event

10

allegations and contentions are deficient to satisfy the public impact element of a CCPA claim. First, as stated by the Colorado Supreme Court,

> Under the CCPA, it is not enough that the defendant's industry affects the public interest. Adopting an interpretation that the public impact element of the CCPA could be satisfied simply if the defendant's industry 'affects the public interest' would render this requirement and our discussion of the public impact considerations in *Rhino Linings* meaningless.[5]

*Brodeur v. Amer. Home Assurance Co.*, 169 P.3d 139, 155 (Colo. 2007). The *Brodeur* court further noted that the mere fact that an "insurer and an insured have a dispute over a claim does not necessarily mean that other members of the public are or have been affected by the insurer's practices." *Id.* at 156. Second, any substantiation Plaintiffs' provide for their claims in their Response brief is irrelevant to the Court's consideration of a motion to dismiss.

### III. CONCLUSION

Even affording Plaintiff the benefit of all reasonable inferences, the Complaint's allegations establish only that Defendant refused to pay certain insurance benefits

---

for coverage under the statute is an injury to **an insured** arising from an accident involving an at-fault, uninsured or underinsured motor vehicle." *Jaimes v. State Farm Mut. Auto. Ins. Co.*, 53 P.3d 743, 746-47 (Colo. App. 2002) (emphasis added).

[5] As set forth in *Rhino Linings*, courts consider the following factors to ascertain the public impact of a challenged practice: (1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." 62 P.3d at 149.

based on its interpretation and understanding of the mutually agreed upon insurance policy.  The Complaint does not contain facts stating a plausible claim for relief under the CCPA.

Accordingly, for the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss (Doc. # 5) is GRANTED and Plaintiff's CCPA claim (Count 4) is DISMISSED WITHOUT PREJUDICE.

DATED:  March   04  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge